**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division


UNITED STATES OF AMERICA

v.                                ACTION NO. 2:05mj213

JENESSA MARIE MANN,

          Defendant.


                    O R D E R


          In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f),
a detention hearing has been held.  The Court concludes that the
following facts require the detention of the defendant pending
trial in this case.

          There is probable cause to believe that the defendant has
committed an offense for which a maximum term of imprisonment of
ten years or more is prescribed in 21 U.S.C. § 846.

          The defendant has not rebutted the presumption established by
the above finding that no condition or combination of conditions
will reasonably assure the appearance of the defendant as required
and the safety of the community.

          The Court FINDS that the credible testimony and information
submitted at the hearing establishes by clear and convincing
evidence that the defendant engaged in telephone conversations with
a co-conspirator to obtain cocaine for redistribution. It appears

that she bought small quantities of cocaine from Mr. Burleson for the redistribution.

The defendant has lived in this community for about ten years and is 21 years of age. She has custody of her two-year-old child. The defendant's physical condition is good; however, she has been diagnosed with bipolar disorder and attention deficit hyperactivity disorder. She has been prescribed medication but is not currently taking the medication and has not for a number of years.

The defendant has no income or assets and is supported by her father and boyfriend.

The defendant has a significant criminal record for a person only 21 years of age. She was found guilty of contempt of court in October of 2001 and sentenced to ten days in jail with nine days suspended. In January of 2002 she was found guilty of civil assault misdemeanor and placed on community diversion. She failed to comply with the community diversion program on several occasions and had several probation revocations for these failures, and was also assessed fines, court costs, and jailed because of her violations. In July of 2002 the defendant was found guilty of grand larceny and sentenced to three years in the Virginia state penitentiary with two years, eleven months, and sixteen days suspended. Again her probation was revoked on December 16, 2003 for failing to complete her community service hours and incurring a new arrest while under supervision. In October of 2003 she was found guilty of discharging

2

a firearm at an occupied dwelling, a felony, and destruction of private property, a misdemeanor. She received a suspended prison sentence for these convictions and was placed on probation. In November of 2003 she was found guilty of failing to appear. In April of 2004 she was found guilty of failing to appear.

The Court FINDS that this defendant is a risk of nonappearance at future court proceedings due to her several failures to appear and her prior probation revocations for not reporting as directed and not reporting to commence supervision. The Court further FINDS that the defendant is a danger to the community due to the nature of the charges offenses, her criminal record (including prior probation revocation, prior arrests and conviction while under criminal justice sentences), and her self-reported substance abuse.

The Court FINDS that because of the substantial possible penalties that this defendant faces in this case and the strength of the evidence against him that there is a strong likelihood that the defendant will not appear for trial under any conditions of release.  The Court further FINDS that the defendant is a danger to the community by his continuous and continuing drug dealing and should be detained pending the trial of this case.  See United States v. Williams, 753 F.2d 329 (4th Cir. 1985).

There is a serious risk that the defendant will not appear.

There is a serious risk that the defendant will endanger the safety of another person or the community.

3

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.   The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.   On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this Order to the United States Attorney at Norfolk, to the United States Marshal at Norfolk, to the United States Pretrial Services Office at Norfolk, and to counsel of record for the defendant.


_____/s/_____
                 Tommy E. Miller
                 United States Magistrate Judge

Norfolk, Virginia

May 24, 2005

Nunc pro tunc May 23, 2005



4